UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA      CRIMINAL ACTION

VERSUS

TIMOTHY L. WASHINGTON      NO.: 08-000103-BAJ-EWD

## RULING AND ORDER

Before the Court is the **Motion to Vacate under 28 U.S.C. § 2255 (Doc. 65)** and the **Amended Motion to Vacate under 28 U.S.C. § 2255 (Doc. 72)** filed by Petitioner Timothy Washington. Also before the Court is the **Motion to Expand the Record (Doc. 80)** filed by the United States.[1] Petitioner requests that the Court vacate his sentence in light of *Johnson v. United States*, 576 U.S. ——, 135 S.Ct. 2551 (2015). In *Johnson*, the Supreme Court held that the Armed Career Criminal Act's ("ACCA") residual clause is unconstitutionally vague. For the following reasons, the **Motion to Vacate (Doc. 65)** is **DENIED AS MOOT,** and the **Amended Motion to Vacate (Doc. 72)** and the **Motion to Expand the Record (Doc. 80)** are **GRANTED.**

### I. BACKGROUND

On December 10, 2008 Petitioner pled guilty to possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1) before the Honorable Frank J. Polozola.

---

[1] The Court grants the Motion to Expand the Record under Rule 7 of the Rules Governing Section 2255 Cases. ("If the motion is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the motion.").

1

(Docs. 16). On November 18, 2009, the Court sentenced Petitioner to a fifteen year term of imprisonment. (Doc. 44). At the sentencing hearing, the Court adopted the factual findings in the presentence report. (Doc. 49 at 3:12-15). At sentencing, the Court explained that based on Petitioner's "prior record" the Court was required to sentence Petitioner to a fifteen year mandatory minimum as an armed career criminal under 18 U.S.C. § 924(e). (Doc. 49 at 4:4-8, 6:6-10). Petitioner appealed, and the United States Court of Appeals for the Fifth Circuit affirmed. (Doc. 63).

On November 20, 2015, Petitioner proceeding *pro se* filed a Motion to Vacate under 28 U.S.C. § 2255. (Doc. 65). Petitioner argues that he did not voluntarily plead guilty because his attorney did not properly inform him about the "ACCA enhancement requirements" and that he is actually innocent of possession of a firearm by a convicted felon because he is not a "state recidivist offender under state law." (Doc. 65-1 at p. 3). On May 31, 2016, Petitioner filed a supplemental memorandum in support of his Motion to Vacate, arguing that he is entitled to relief in light of *Johnson*. (Doc. 71). On July 22, 2016, Petitioner now represented by the Office of the Federal Public Defender filed an Amended Motion to Vacate under § 2255. (Doc. 72). The Office of the Federal Defender argues that Petitioner is not an armed career criminal as defined in *Johnson*. *Id*. On October 6, 2017, the Government filed a Motion to Expand the Record, (Doc. 80), and an opposition to Petitioner's motions to vacate. (Doc. 81). The Court ordered the Petitioner to file supplemental briefing, (Doc. 83), and the Petitioner did so. (Doc. 85).

2

## II. LEGAL STANDARD

Section 2255 provides that a federal prisoner serving a court-imposed sentence may move the court to vacate, set aside or correct his sentence. 28 U.S.C. § 2255(a). Only a narrow set of claims are cognizable on a Section 2255 motion. The statute identifies four grounds on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.*

## III. DISCUSSION

The ACCA prohibits convicted felons from possessing firearms. 18 U.S.C. § 922(g). This crime ordinarily carries a maximum sentence of ten years. *Id* §924(a)(2). But if the defendant has three previous convictions for a "violent felony or a serious drug offense" then the ACCA elevates the statutory sentencing range to a minimum of fifteen years and a maximum of life. *Id.* § 924(e)(1).

The ACCA defines "violent felony" in three ways:

- The elements clause defines a violent felony as a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 924(e)(2)(B)(i).

- The enumerated clause provides that a violent felony includes "burglary, arson, or extortion, [or a crime that] involves use of explosives[.]" *Id.* § 924(e)(2)(B)(ii).

- The residual clause defines a violent felony as a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.*

The ACCA defines "serious drug offense" as

- "an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46 for which a maximum term of imprisonment of ten years or more is prescribed by law"; or

- "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law."

Id. § 924(e)(2)(A).

In 2015, the Supreme Court held that the residual clause of the ACCA is unconstitutionally vague and therefore "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Johnson*, 135 S.Ct. at 2563. *Johnson*, however, did not call into question the elements clause, the enumerated clause, or the serious drug offenses provision of the ACCA. *Id.* at 2563. In *Welch v. United States*, 576 U.S. ——, 165 S.Ct. 1257, 1268 (2016), the Supreme Court also held that *Johnson* applies retroactively on collateral review.

Petitioner argues that the Court should vacate his sentence because his prior convictions for the Louisiana crime of illegal discharge of a firearm and illegal use of a weapon do not qualify as violent felonies under the ACCA. (Doc. 72 at p. 4). The Government agrees that these crimes are no longer violent felonies in light of *Johnson*. (Doc. 81 at p. 3). The Government nonetheless argues that Petitioner still qualifies as an armed career criminal because he has at least three prior convictions for a serious drug offense. *Id.*

4

The presentence investigation report reflects that Petitioner was convicted on November 16, 1998, of two counts of distribution of cocaine and one count of possession with intent to distribute marijuana arising from a March 19, 1998 arrest. (Doc. 69 at ¶ 24). The report also reflects that Petitioner was convicted on March 14, 2005, of one count of distribution of cocaine arising from an October 15, 2004 arrest. *Id.* at ¶ 26. The Government argues that these convictions establish that the Petitioner has three previous serious drug offenses. (Doc. 81 at p. 4). Petitioner argues that his drug convictions were not committed on different occasions and therefore he does not have the requisite three serious drug offenses to be considered an armed career criminal. (Doc. 85-1 at p. 2).

The ACCA requires that the three prior serious drug offenses be "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). When determining if separate offenses occurred on "occasions different from one another" the key question is whether the offenses occurred sequentially. *United States v. Fuller*, 453 F.3d 274, 278 (5th Cir. 2006). An offense is committed sequentially if the first offense is complete before the second begins. *Id.* at 279.

The Government relies on police reports from Petitioner's 1998 drug convictions to argue that the offenses occurred sequentially. (Doc. 81 at p. 4). These police reports purportedly show that Petitioner's 1998 convictions arose from two separate criminal transactions. (Doc. 80-3 at p. 2-8). Specifically, the reports allege that on March 19, 1998, at 7:15 PM, an undercover officer bought 0.2 grams of crack

5

cocaine from Petitioner in a trailer park. (Doc. 80-3 at p. 6).[2] Officers then followed a car that Petitioner got into. *Id.* at p. 7. When the officers stopped the car, they allegedly found 1.3 grams of crack cocaine and 25.4 grams of marijuana in the car, and Petitioner indicated that the drugs belonged to him. *Id.* at p. 4-5.

The Court is not, however, permitted to rely on police reports to determine whether serious drug offenses were committed on occasions different from one another. Indeed, "[t]o determine whether two offenses occurred on different occasions, a court is permitted to examine only the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Fuller*, 453 F.3d at 279. (internal citations and quotations omitted). The Government relies on police reports, which the Fifth Circuit does not permit courts to rely upon, to determine whether Petitioner's drug offenses occurred sequentially. *See id.*

Although the Government submitted the bill of information from Petitioner's 1998 arrest, which courts may rely upon, the bill of information is silent as to when the crimes occurred. (Doc. 80-2 at p. 1). The bill of information only indicates that the charged crimes occurred on March 19, 1998. *Id.* The Government also provided the Court with minutes from Petitioner's plea colloquy, but this also provides no guidance about whether the crimes occurred sequentially. *Id.* at p. 2-3. The Court therefore cannot conclude that Petitioner's 1998 drug convictions were "committed on

---

[2] The Government argues that the police report indicates that the undercover officer bought additional crack cocaine from the Petitioner that same night at a grocery store. (Doc. 81 at p. 4). It is not clear whether this second purchase is actually same as the first purchase because the report only indicates that one package of crack cocaine was taken into evidence. (80-2 at p. 6-8).

6

occasions different from one another." At most then Petitioner has two prior convictions for serious drug offenses. First, for the group of drug crimes he was arrested for on March 19, 1998[3], and second for his distribution of cocaine conviction arising from an October 15, 2004, arrest. The Court therefore vacates Petitioner conviction with respect to the ACCA enhancement.

Before Petitioner filed his Amended Motion to Vacate (Doc. 72) challenging his sentence under *Johnson*, he filed a Motion to Vacate, claiming that he did not voluntarily plead guilty because his attorney did not properly inform him about the "ACCA enhancement requirements" and that he is actually innocent of possession of a firearm by a convicted felon because he is not a "state recidivist offender under state law." (Doc. 65-1). This challenge now appears moot because the Court has concluded that Petitioner is not subject to an enhancement under the ACCA. The Court will therefore dismiss Petitioner's Motion to Vacate challenging the effectiveness of his attorney without prejudice.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion to Vacate under 28 U.S.C. §2255 (Doc. 65) is DENIED AS MOOT.**

---

[3] The presentence investigation report reflects that Petitioner's March 19, 1998, arrest led to three convictions for two counts of distribution of cocaine and one count of possession with intent to distribute marijuana. (Doc. 69 at ¶ 24.). The state court bill of information and plea colloquy minutes suggests that the same arrest led to a fourth conviction for possession with intent to distribute cocaine. (Doc. 80-2). Whether Petitioner was convicted of this fourth crime makes no difference to the Court's ACCA analysis because the Government relies on police reports to argue that all four of these convictions were committed sequentially. As the Court has already explained it may not consider police reports for this purpose.

7

IT IS FURTHER ORDERED that the **Amended Motion to Vacate under 28 U.S.C. §2255 (Doc. 72)** is **GRANTED**.

IT IS FURTHER ORDERED that the **Motion to Expand Record (Doc. 80)** is **GRANTED**.

IT IS FURTHER ORDERED that the **Motion for Leave to File Petitioner's Supplemental Memorandum (Doc. 85)** is **GRANTED**.

IT IS FURTHER ORDERED that Timothy Washington's sentence is **VACATED**.

IT IS FURTHER ORDERED that the Probation Office complete an amended pre-sentence investigation report.

IT IS FURTHER ORDERED that a resentencing hearing is set for Wednesday February 7, 2018 at 9:30 AM.

Baton Rouge, Louisiana, this 22nd day of December, 2017.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**